JEFF HOFFMAN  SBN: 225569
LAW OFFICE OF JEFF D. HOFFMAN
901 Clay Street
Oakland, CA 94607-3900
Telephone:  (510) 451-0290
Facsimile:     (510) 465-1501

Attorney for Petitioner and Movant,
MARA BURNS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | Case No.:  09-41767 |
| MARA BURNS, | Chapter 13 |
| Debtor and Movant | **NOTICE OF OPPORTUNITY FOR HEARING AND MOTION FOR DAMAGES FOR VIOLATION OF AUTOMATIC STAY** |

**TO SCARLET GORDON; THE HONORABLE JUDGE EDWARD D. JELLEN, UNITED STATES BANKRUPTCY COURT JUDGE; CHAPTER 13 TRUSTEE; AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on September 28, 2010, Mara Burns ("Movant") filed this Notice of Opportunity for Hearing and Motion, pursuant to the Bankr. L.R. 9014-1(b)(3), to **request damages for violation of the Automatic Stay**, pursuant to 11 U.S.C., section 362(k).

This Motion is based upon the Memorandum of Points and Authorities attached hereto, as well as upon the documents filed in support of it, such as declarations and exhibits.  Specifically, Movant seeks damages for willful violation of the Automatic Stay by filing, in Alameda County

1

Superior Court and after receiving notice of this case, a Petition for Order against the Debtor in this case.

Any opposition or other response to this motion must be served upon the undersigned NOT LATER THAN TWENTY ONE (21) DAYS AFTER TODAY'S DATE.

Failure to file an opposition will be deemed a consent to the motion.

## NOTICE OF OPPORTUNITY FOR HEARING

Bankruptcy Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed if you wish to object to this motion or request a hearing thereon.

If you wish to object to this motion or request a hearing on it, that objection or request must be filed in writing and served upon the initiating party by October 19, 2010.

A request for hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position.

If there is not a timely objection to the requested relief or a request for hearing, the Court may enter an order granting the relief by default.

The initiating party will give at least seven (7) days' written notice of the hearing to the objecting party (and to any trustee or committee appointed in the case) in the event an objection or request for hearing is timely made.

DATED this 28th Day of September, 2010     s/ Jeff Hoffman___
                                                                             Jeff Hoffman
                                                                             Attorney for Movant
                                                                             MARA BURNS

JEFF HOFFMAN  SBN: 225569
LAW OFFICE OF JEFF D. HOFFMAN
901 Clay Street
Oakland, CA 94607-3900
Telephone:  (510) 451-0290
Facsimile:     (510) 465-1501

Attorney for Petitioner,
MARA BURNS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>MARA BURNS,<br>          Debtor and Movant | Case No.: 09-41767<br><br>Chapter 13<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DAMAGES FOR VIOLATION OF AUTOMATIC STAY** |

### JURISDICTION

This court has subject matter jurisdiction to hear this motion because it arises from and is related to the above captioned case under Title 11.  28 U.S.C. § 1334.

This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2), because it involves a matter concerning the administration of the estate, giving this court personal jurisdiction.  This court thus has personal jurisdiction over the parties in this case.  28 U.S.C § 157.

Venue lies in this district pursuant to 28 U.S. C., section 1391(b).

A motion is a proper procedure to request damages for violation of the Automatic Stay. FED. R. BANKR. P. 7001; *see In re Zumbrun*, 88 BR 250, 252, 263 (B.A.P. 9th Cir. 1988).

1

Case: 09-41767    Doc# 54    Filed 09/28/10    Entered 09/28/10 16:25:55    Page 3 of 7

## PARTIES

MARA BURNS ("Movant") is a debtor pursuant to Title 11 of the United States Bankruptcy Code.

KIMBERLY HERVEY ("Respondent") is a purported creditor as defined by 11 U.S.C., section 101(10) and purportedly holds a claim as defined by 11 U.S.C., section 101(5), in Movant's bankruptcy case.

## STATEMENT OF FACTS

Movant filed for Chapter 13 relief on March 6, 2009. Exh. 1. The original meeting of creditors was held on May 14, 2009. Exh. 2. Movant erroneously failed to list a debt to Respondent in the original Schedules, but instead listed it in Movant's Third Amended Schedule F and moved to modify her plan to include payments for this debt. Exh. 3.

Respondent filed a Declaration in Opposition to Movant's Motion to Modify Chapter 13 Plan on December 16, 2009 and Movant's motion was withdrawn on December 23, 2009. Exh. 4, 5. On February 24, 2010, Respondent filed a Petition for Order Against Mara Burns and American Contactors Indemnity Co Bonding Agency for Return of Property, in the Superior Court of the State of California, Alameda County ("Petition for Order"). Exh. 6. The Petition for Order prayed for an order that Movant "owes" Respondent certain monies and that Movant "owes" Respondent an interest in certain real property. Exh. 6, p. 4. She then filed an Amended Petition for Order Against Mara Burns and American Contactors Indemnity Co Bonding Agency for Return of Property ("Amended Petition") on May 14, 2010. Exh. 7. The Amended Petition prayed for an order that Movant and the bonding company "owe" Respondent certain monies. Exh 7, last page. The Amended Petition alleges that the cause of action on which it is grounded, at least in part, arose in March 2006. Amended Petition, ¶ 11, lines 19-22.

## STATEMENT OF LAW

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

11 U.S.C. § 362(a)(1). "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1) (emphasis added). "A 'willful violation' does not require a specific intent to violate the Automatic Stay. Rather, the statute provides for damages upon a finding that the defendant knew of the Automatic Stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded." *In re Pace*, 67 F.3d 187, 191 (9th Cir. 1995).

## ARGUMENT

**I. MOVANT IS ENTITLED TO ACTUAL DAMAGES FOR RESPONDENT'S WILLFUL VIOLATION OF THE AUTOMATIC STAY.**

As discussed in detail directly below, Respondent's filing of her Petition for Order was a clear violation of the Automatic Stay, which is provided as protection for debtors in bankruptcy proceedings. 11 U.S.C. § 362(a)(1). Respondent knew or should have known of the Automatic Stay and that filing the Petition for Order was in violation of it. There can be no doubt that

Respondent willfully filed the Petition for Order. Therefore, Movant is entitled to damages for Respondent's violation of the Automatic Stay. 11 U.S.C. § 362(k).

### A. Respondent's filing of her Petition for Order for Return of Property was an Act Prohibited by the Bankruptcy Code and a Clear Violation of the Automatic Stay.

Respondent filed the Petition for Order and the Amended Petition (collectively, "Petitions") in an ongoing probate case on February 24, 2010. Exh. 6, 7. The Petitions were actions against Movant, who is a debtor in this Chapter 13 bankruptcy case. The acts alleged in the Petitions allegedly took place in 2006. Exh. 8, ¶ 2. Movant did not file her bankruptcy petition until 2009. Therefore, the alleged actions arose before this case was commenced and the action against Movant could have proceeded before then. The Petitions constitute a commencement or continuation of a judicial action against Movant, who is a debtor in a bankruptcy case.

Once Movant filed her Chapter 13 bankruptcy petition, Respondent was prohibited from the action taken against her by filing the Petitions. 11 U.S.C. § 362(a)(1). The filing of the Petitions was a clear violation of the Automatic Stay.

### B. Respondent's Violation of the Stay was Willful.

Respondent filed a document in this case on December 16, 2009. Exh. 4. There can therefore be no doubt that Respondent, through counsel, either knew or should have known of the Automatic Stay. The fact that Respondent is represented by counsel, removes any *pro se* excuse for not being aware of the stay. There can also be no doubt that Respondent willfully filed the Petition for Order. Exh. 6.

4

The law is clear: a willful act – such as filing the Petition for Order – in violation of the Automatic Stay by a person who knows of the stay is a willful violation. *In re Pace*, 67 F.3d 187 (*supra*) at 191. There can be no doubt that Respondent violated the Automatic Stay.

**C. Movant is Entitled to Damages for Respondent's Willful Violation of the Automatic Stay.**

A party injured by willful violation of the Automatic Stay is entitled to recover damages, including attorneys' fees. 11 U.S.C. § 362(k). As discussed in subsections A and B above, Respondent's filing of the Petition for Order was a violation of the Automatic Stay and was willful. Therefore, Movant is entitled to damages, including attorneys' fees.

**WHEREFORE,** Movant prays for relief as follows:

A. Declaratory relief that **Respondent violated the Automatic Stay** by filing a Petition for Order against the Debtor demanding return of property;

B. Declaratory relief that **Respondent's violation of the Automatic Stay was willful**;

C. Damages of $2,240, including $1,120 for attorneys' fees;

D. Such other and further relief as the Court may deem just and proper.

DATED this 28th Day of September, 2010

s/ Jeff Hoffman
Jeff Hoffman
Attorney for Movant
MARA BURNS