Entered on Docket
November 24, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: November 23, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                          Case No. 09-41767 J
                                               Chapter 13
MARA BURNS,
                                               Date: 11/04/10
                      Debtor./                 Time: 3:30 p.m.
                                               Ctrm: 215

DECISION

Debtor Mara Burns ("Burns") requests an award of damages against Attorney Scarlet Gordon ("Gordon") as compensation for certain acts Gordon undertook in violation of the automatic stay provided by Bankruptcy Code § 362(a)(1). The court will award Burns damages in the sum of $2,695 pursuant to Bankruptcy Code § 362(k)(1).

On March 6, 2009, Burns filed a voluntary petition herein under chapter 13 of the Bankruptcy Code. Gordon was on notice of the case, and filed certain papers herein on December 16, 2009 on behalf of her client Kimberly Hervey, a Conservatee.

On February 24, 2010, Gordon filed a document entitled Petition for Order Against Mara Burns and American Contractors Indemnity Co.

Decision

Bonding Agency for Return of Property with the Alameda County Superior Court, State of California, Case. No. P-256854, entitled Estate of Maxine Lee Norman. On May 14, 2010, Gordon amended the petition (which amended petition is hereafter referred to as the "Petition"). By the Petition, Gordon sought on Hervey's behalf a determination that Burns owed her a certain sum of money, and an interest in a certain parcel of real property. The alleged grounds were based on facts that occurred in 2006.

The foregoing facts establish Burns's prima facie case for relief. The filing of the Petition violated the automatic stay provided by Bankruptcy Code § 362(a)(1). The violation was willful, in that a willful violation does not require a specific intent to violate the stay. In re Bloom, 875 F.2d 224, 227 (9th Cir. 1989), In re Pinkstaff, 974 F.2d 113, 115 (9th Cir. 1992). Moreover, a party with knowledge of the bankruptcy case, as Gordon, is charged with knowledge of the automatic stay. Pinkstaff, 974 F.2d at 115.

Initially, Gordon argued in opposition to the motion that, because Burns's allegedly wrongful acts were undertaken in the course of a probate proceeding, this court did not have any jurisdiction to hear Burns's motion. This argument fails. Although there is a "probate exception" to federal court jurisdiction, it is an extremely narrow one, limited to

> probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Decision    2

Marshall v. Marshall, 547 U.S. 293, 296, 126 S.Ct. 1735, 1739 (2006). (Internal citations omitted.) The court holds that it has jurisdiction to hear Burns's motion.

At oral argument, Gordon shifted gears and raised a new argument that the actions she took were not against Burns in Burns's personal capacity, but solely in her capacity as Administrator of the estate of Maxine Norman. The court provided Burns with an opportunity to respond to this new defense, and for Gordon to reply. Burns responded; Gordon did not reply.[1]

The matter now stands submitted, and the court rejects Gordon's argument that the actions she took against Burns in the Superior Court after the filing of Burns's chapter 13 petition were only against Burns as an Administrator. In the first place, the Petition distinguishes between Burns, on the one hand (who Gordon designated in the Petition as "Respondent"), and the estate of Maxine Lee Norman, on the other (which Gordon designated in the Petition as "'decedent' or 'decedent's estate'").

The Petition requests sanctions against "Respondent," which by Gordon's definition is not a request for sanctions against the decedent's estate. Also, the Petition alleges that Respondent wrongfully diverted funds to purchase real property, an automobile, and "to pay her creditors." Again, it is clear that the creditors Gordon alleges Burns wrongfully paid were Burns's personal

---

[1] The need for Burns to incur additional attorneys' fees for preparation of another brief to respond to Gordon's new argument increased the amount of Burns's damage claim herein.

Decision 3

creditors, not creditors of the decedent's estate. The Petition also refers to "Respondent's chapter 13 bankruptcy," again, a clear reference to Burns the individual, not Burns the Administrator.

The court holds that the actions Gordon took in the Superior Court were against Burns, personally, and not against Burns in her capacity as Administrator.

Bankruptcy Code § 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Here, it is undisputed that Burns incurred attorneys' fees in the sum of $2,695 as the proximate result of Gordon's willful violation of the automatic stay. The court will therefore issue its order awarding Burns damages in that amount against Gordon.

Because of competency issues, the court will not assess damages against Kimberly Hervey. Moreover, the court does not believe this is an "appropriate circumstance" for imposition of punitive damages in that Gordon's actions were not the egregious, intentional type of misconduct normally associated with punitive damage awards under Bankruptcy Code § 362(k)(1). See, e.g., In re Knaus, 889 F.2d 773 (8th Cir. 1989).

**END OF ORDER**

|   |                                    |
|---|------------------------------------|
| 1 | COURT SERVICE LIST                 |
| 2 | Jeff Hoffman, Esq.                 |
|   | Law Office                         |
| 3 | 901 Clay Street                    |
|   | Oakland, CA 94607-3900             |
| 4 |                                    |
|   | Scarlet Gordon, Esq.               |
| 5 | 140 Margaret Avenue                |
|   | San Francisco, CA 94112            |

Decision 5